IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PERCY LEE BELL, SR.                                                                   PLAINTIFF

V.                                                     CIVIL ACTION NO. 1:21-CV-154-SA-RP

CARING HEARTS AND
HANDS HOUSE, LLC                                                DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Percy Lee Bell, Sr. filed this suit on October 6, 2021 asserting a claim under the Americans with Disabilities Act.[1] The Magistrate Judge assigned to this case entered an Order [10] to Show Cause on January 10, 2022 noting that, at the time the Order [10] was written, the Plaintiff had not yet served the Defendant and the time to do so under Federal Rule of Civil Procedure 4(m) had passed. As a result, the Magistrate Judge ordered the Plaintiff "to show cause no later than January 24, 2022, as to why the [D]efendant should not be dismissed pursuant to Rule 4(m)." [10]. The Magistrate Judge also noted that the Plaintiff's failure to respond to the Order [10] would lead to dismissal of the case. The Plaintiff filed a Response [11] to the Order [10] on January 18, 2022; however, the Plaintiff failed to show cause as to why the Defendant should not be dismissed as the Magistrate Judge had ordered.

On January 20, 2022, the Magistrate Judge entered a Report and Recommendation [12] recommending that the "case be DISMISSED without prejudice." [12] at p. 1 (emphasis in original). The Report and Recommendation [12] notified the Plaintiff that he was to respond within 14 days with any objections. On February 3, 2022—the last day to file an objection to the Report and Recommendation [12]—the Plaintiff filed a Motion [13] for an Extension of Time stating the

---

[1] On his Charge of Discrimination [1], Ex. 1, the Plaintiff noted that he was discriminated against because of his age and disability; however, in his Complaint [1], the Plaintiff only asserts he was discriminated against because of his disability.

following: "I, Percy Lee Bell, Sr. request that an extension be granted due to being diagnosed with COVID-19. This will allow time for me to serve Caring Heart [sic] and Hands House, LLC and then be able to provide documentation that I have done so." [13] at p. 1. The Court granted the Motion [13] and gave the Plaintiff three and a half weeks to serve the Defendant and notify the Court of the same. *See* [14]. The Court further notified the Plaintiff that if he did not comply with the Court's Order [14] then "the Report and Recommendation [12] will be adopted and this case will be dismissed *without prejudice* without further notice." [14] at p. 2.

On March 3, 2022—one day before the amended deadline to file an objection to the Report and Recommendation [12]—the Plaintiff filed another Motion [17] for Extension of Time stating that he "was not aware of the proper way to serve [the Defendant]." [17]. In light of the Plaintiff's *pro se* status and the fact that summons had been issued and mailed to the Plaintiff, the Court granted the Plaintiff's Motion [17] and gave him fourteen (14) additional days to serve the Defendant and notify the Court of the same. *See* [19]. Again, the Court notified the Plaintiff that if he did not comply with the Court's Order [19], "the Report and Recommendation [12] will be adopted and this case will be dismissed *without prejudice* without further notice." [19]. The Plaintiff has not served the Defendant and/or notified the Court of the same, and the time to do so has now passed.

When a party files an objection to a Report and Recommendation, a court must then conduct a *de novo* review of the sections of the Report to which the party objects. *Davis v. Turner*, 2018 WL 6172521 at *1 (N.D. Miss. Nov. 26, 2018) (quoting *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (internal citation omitted)). "With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Id*. (quoting *Gauthier*, 644 F.Supp.2d at 828 (internal citation omitted)).

Seeing as neither party has objected to the Report and Recommendation [12] in this case, the Court need only conduct a plain error review. *Id*. (internal citations omitted). Finding no plain error, the Court ADOPTS IN FULL the Report and Recommendation [12]. The Plaintiff's Complaint [1] is DISMISSED *without prejudice*. This CASE is CLOSED.

SO ORDERED, this the 20th day of April, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE